CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 08 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DARWIN DANIEL CASCO-AYALA,<br>*Defendant.* | CASE NO. 3:19-cr-00019<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

In this case, Defendant was found and arrested in the Western District of Virginia on a warrant issued out of the Western District of Texas on allegations that Defendant had violated the terms of his supervised release. The Magistrate Judge in the Western District of Virginia found that Defendant was the person named in the warrant, found probable cause of the violation and ordered he be transferred to the Western District of Texas. Defendant purports to appeal from the Magistrate Judge's identity determination and transfer order to a United States District Judge of the Western District of Virginia, rather than to the transferee court, which here is the Western District of Texas.

This Court concludes that it has no jurisdiction to hear Defendant's appeal of these orders and dismisses the appeal, without prejudice to Defendant's ability to raise any such arguments in the Western District of Texas.

BACKGROUND

1. Underlying Criminal Proceedings in Texas

In August 2017, the Government filed an Information that charged Defendant with knowingly possessing an unlawful identification document, namely, a fraudulent I-94 document,

1

with the intent to defraud the United States, in violation of 18 U.S.C. §§ 1028(a)(4) and (b)(6). Dkt. 7, *United States v. Casco-Ayala*, 2:17-cr-00950 (W.D. Tex., filed Aug. 29, 2017). The charged offense is a misdemeanor.

Defendant pleaded guilty to the charged offense. In February 2018, the United States District Court for the Western District of Texas entered judgment against Defendant, imposed a sentence of time served, and ordered Defendant's immediate release from imprisonment. Dkt. 30 (filed Feb. 6, 2018). That court also sentenced Defendant to a one-year term of supervised release that would commence upon his release from imprisonment.

In April 2018, Defendant's probation officer in Texas petitioned that court to revoke Defendant's term of supervision and issue a warrant, on the grounds that Defendant failed to comply with a standard condition of his supervision that required him to immediately report to the nearest probation office in Virginia after Defendant was released from the custody of Immigration and Customs Enforcement in February 2018. Dkt. 33 (filed April 24, 2018). The U.S. District Court for the Western District of Texas issued a warrant for Defendant's arrest.

2. Arrest and Appearance Before Magistrate Judge in Virginia

On or about October 8, 2019, Defendant was arrested in the Western District of Virginia. *United States v. Casco-Ayala*, 3:19-mj-00055 (W.D. Va. docket entry dated Oct. 8, 2019). The Magistrate Judge conducted Defendant's initial appearance under Fed. R. Crim. P. 32.1 regarding the revocation of his supervised release, and ordered Defendant detained pending a detention hearing. Dkt. 4, 7 (filed Oct. 8, 2019). At that initial appearance, Defendant requested an identity hearing and a certified copy of the warrant, and the Court set a hearing date on October 16, 2019. Dkt. 4 (court minutes).

On October 10, 2019, Defendant filed a motion requesting from the Magistrate Judge a preliminary hearing pursuant to Rule 32.1(a)(5)(A) of the Federal Rules of Criminal Procedure, which the Magistrate Judge granted by oral order the following day. Dkt. 11, 12.

On October 16, 2019, the Magistrate Judge held identity and probable cause hearings. Therein, the Magistrate Judge found Defendant was the person named in the warrant from the Western District of Texas, found probable cause that Defendant had in fact violated the terms of his supervised release, and ordered the Defendant released on bail, on condition that he report to the U.S. Probation Office on a weekly basis and that he appear in the Western District of Texas for any court proceedings. *See* Dkt. 13–19. Thereafter, the Clerk's Office in this District transferred this matter to the Western District of Texas on or about October 21, 2019. Dkt. 37–41, *United States v. Casco-Ayala*, 2:17-cr-00950 (W.D. Tex.).

3. <u>Defendant's Appeal to this Court</u>

On October 23, 2019, Defendant filed a Notice of Appeal from the Magistrate Judge's October 16, 2019 removal order and filed such notice in the Magistrate Judge's docket in the Western District of Virginia. Dkt. 20, *United States v. Casco-Ayala*, 3:19-mj-00055 (W.D. Va. Oct. 23, 2019). Defendant purported, pursuant to Fed. R. Crim. P. 58(g)(2), to appeal "from the order removing him to the Western District of Texas issued by the United States Magistrate Judge on October 16, 2019." Dkt. 20 at 1. Defendant acknowledged that "appeals of Rule 5 orders" are "infrequent," however, he contended that they "have been entertained in other jurisdictions." *Id.*

On October 25, 2019, Defendant further filed an emergency motion to stay the transfer order in the Western District of Virginia. Dkt. 24.[1] That day, this Court directed the Clerk's Office to open a new docket to resolve the appeal and emergency motion to stay, and issued an order directing the parties to brief the appealability of the Magistrate Judge's order removing him to the Western District of Texas, as well as staying the Magistrate Judge's transfer order pending briefing and this Court's resolution of the purported appeal. Dkt. 3, *United States v. Casco-Ayala*, 3:19-cr-19 (filed Oct. 25, 2019).

On October 30 and 31, 2019, the United States filed its motion to dismiss the appeal as well as provided notice of further developments in the Western District of Texas. Dkt. 4, 5. The next day, this Court expedited briefing on the United States' motion to dismiss the appeal, which afforded Defendant until November 6, 2019 to file a brief in opposition. Dkt. 6. Defendant, in the interim, also filed an emergency motion asking the Court to order the U.S. Marshals not to transfer Defendant to the Western District of Texas, pending resolution of this appeal (Dkt. 7)—an action that could stand in direct contradiction to an order sought by the Government from the Western District of Texas.

In this opinion, the Court first addresses the United States' motion to dismiss Defendant's notice of appeal, the resolution of which also necessarily resolves Defendants' pending motions and the propriety of this appeal.[2]

---

[1] It appears from the underlying Magistrate Judge case docket that this motion was filed on October 25, 2019 (Dkt. 24, *United States v. Casco-Ayala*, 3:19-mj-55), rather than October 23, 2019, as is reflected on the above case docket.

[2] While a federal court always has jurisdiction to determine its own jurisdiction, *United States v. Ruiz*, 536 U.S. 621, 628 (2002), which necessitated briefing on the appealability of the Magistrate Judge's order as well as the United States' motion to dismiss, the Court appreciates the parties' adherence to the expedited briefing schedule to ensure that the determination on the transfer order to the Western District of Texas not be unduly delayed.

4

ANALYSIS

The question presented is whether an appeal from a transfer order and identity finding of a Magistrate Judge of the Western District of Virginia can be taken to a United States District Judge of the Western District of Virginia, rather than to the transferee court—here, the Western District of Texas. This Court concludes that it lacks jurisdiction to hear such an appeal.

1. Governing Legal Framework

Rule 32.1 of the Federal Rules of Criminal Procedure—which governs proceedings for "revoking or modifying probation or supervised release"—provided the relevant procedure for the preliminary hearing conducted by the Magistrate Judge on October 16. There is no dispute between the parties on that score. *See* Dkt. 4 at 1–2; Dkt. 8 at 1. As Defendant was arrested on a violation of the terms of his supervised release, Rule 5.1(a)(2)(B) confirms that Rule 32.1 applies. *See* Fed. R. Crim. P. 5(a)(2)(B) ("If a defendant is arrested for violating probation or supervised release, Rule 32.1 applies").

It is also undisputed that the Western District of Virginia, where Defendant was arrested, did not itself have jurisdiction to conduct a revocation hearing, and thus Rule 32.1(a)(5)—which governs an "appearance in a district lacking jurisdiction"—set forth the requirements to be followed by the Magistrate Judge. *See* Dkt. 4 at 1–2; Dkt. 8 at 1.

Rule 32.1(a)(5) provides that, "[i]f the person is arrested or appears in a district that does not have jurisdiction to conduct a revocation hearing, the magistrate judge *must* ..."

> (A) if the alleged violation occurred in the district of arrest, conduct a preliminary hearing under Rule 32.1(b) and either
>
> > (i) *transfer* the person to the district that has jurisdiction, if the judge finds probable cause to believe that a violation occurred; or
> >
> > (ii) dismiss the proceedings and so notify the court that has jurisdiction, if the judge finds no probable cause to believe that a violation occurred.

5

Fed. R. Crim. P. 32.1(a)(5)(A) (emphases added). Under Rule 32.1(a)(6), "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

　　2. No Basis in the Relevant Rules or Statutes to Appeal

No provision in the Rules of Criminal Procedure or in statute provides for an appeal from an identity finding and transfer order of a magistrate judge issued under Rule 32.1(a)(5). Another court presented with an attempt to appeal from a magistrate judge's identity finding and transfer order reasoned that, "[f]rom the statutory silence, it is fair to presume that Congress *did not intend to provide a right to appeal.*" *United States v. Saldana-Beltran*, 37 F. Supp. 3d 1180, 1183 (S.D. Cal. 2014) (emphasis added). Nor has Defendant identified any such provision in the Rules or federal statutes that supports his right to appeal. This statutory silence as to identity and removal orders stands in sharp contrast with the express right to appeal a magistrate judge's bail determination, which Congress enacted and addressed in detail in the Bail Reform Act, 18 U.S.C. § 3145.[3]

Defendant purports to appeal these decisions "pursuant to Rule 58(g)(2) of the Federal Rules of Criminal Procedure." Notice of Appeal, Dkt. 20, *United States v. Casco-Ayala*, 3:19-

---

[3] Nor is Defendant's argument helped by 28 U.S.C. § 2253(b), which provides that "[t]here shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings." Neither party cited any authorities addressing § 2253(b) outside the habeas context, and while this Court need not directly rely on § 2253(b), this Court agrees that this statute supports a "Congressional intent to prevent dilatory delay in removal cases." *Saldana-Beltran*, 37 F. Supp. 3d at 1184.

mj-55 (Oct. 23, 2019); Opp. to Mot. to Dismiss, Dkt. 8 at 1 (above case docket). That rule states that "[e]ither party may appeal an order of a magistrate judge to a district judge within 14 days of its entry if a district court's order could similarly be appealed." Fed. R. Crim. P. 58(g)(2)(A). But Defendant cites no authority that any comparable order from a district court could be appealed to a court of appeals, and for good reason: "An order of removal has long been held not to be a final order and not itself appealable." Wright & Miller, 3A Fed. Prac. & Proc. Crim. § 654 (Aug. 2019 update). *See, e.g., In re Ellsberg*, 446 F.2d 954, 956 (1st Cir. 1971) ("there is no question but that direct appeal does not lie from a removal order from one federal district to another"); *United States v. Woodring*, 446 F.2d 733, 737 n.3 (10th Cir. 1971) ("An order of removal under Rule 40 is not appealable."); *United States v. Castellon*, 610 F. App'x 597, 598 (9th Cir. 2015) (unpublished) (magistrate judge's removal order under Rule 32.1(a)(5)(B) "was not properly appealed to us because it was not a final decision," and therefore, "we lack jurisdiction").[4]

This Court therefore finds no basis in Rule 58(g)(2) or other applicable Federal Rule of Criminal Procedure or statute to support Defendant's appeal.

3. <u>The Weight of Precedent Confirms Removal Orders Are Not Appealable</u>

The weight of judicial precedent further establishes that "the district court cannot review an order of removal by a magistrate judge." *See* Wright & Miller, 3A Fed. Prac. & Proc. Crim. § 654 (Aug. 2019 update).

In fact, the court in *United States v. Saldana-Beltran*, 37 F. Supp. 3d 1180 (S.D. Cal. 2014)—the sole case cited by Defendant to support his ability to appeal that actually addressed the issue (and did so in great detail)—concluded unequivocally that "there is no right of appeal or review by this Court and this Court lacks jurisdiction to entertain Defendants' appeal." *Id.* at

---

[4] The older cases cite predecessor provisions of Rule 32.1(a)(5)(B), including Rule 40.

7

1185. *See also id.* at 1183 ("[t]here is no right to appeal a magistrate judge identity finding and transfer order (historically referred to as a 'removal' order from a 'removal hearing')."). While Defendant relies on *Saldana-Beltran*'s alternative holding that the Court retains "discretionary authority" to review the Magistrate Judge's decision (Dkt. 8 at 4–5), discussed below, that does little to detract from the compelling reasons why that court found that affording review of such decisions in the district court was inappropriate, *see* 37 F. Supp. 3d at 1183–85.[5]

Not only is there silence in the relevant statutes and rules that support a defendant's ability to appeal an identity finding and removal order, but in fact, the Congressional purposes underlying the Federal Magistrates Act, 28 U.S.C. § 636, as well as the purposes underlying Rules 5 and 32.1 of the Federal Rules of Criminal Procedure would be undermined by providing a right to appellate review of transfer orders and identity determinations to the District Court. One of the primary purposes of the Magistrates Act was to cull from the U.S. District Courts' dockets matters that were determined to be more desirably and efficiently handled by magistrate judges, and "removal questions are of the type which Congress believed would be more efficiently handled by magistrate judges." *United States v. Castellon*, No. 15-mj-0185, 2015 WL 11198777, at *1 (S.D. Cal. Feb. 5, 2015), *aff'd*, 610 F. App'x 597 (9th Cir. 2015) (concluding that the court lacked jurisdiction to hear appeal from removal order conducted under Rule 32.1(a)(5)(B)). *See also Saldana-Beltran*, 37 F. Supp. 3d at 1184 (citing cases); *United States v. Canada*, 440 F. Supp. 22, 24 (N.D. Ill. 1977); *United States v. Sherriffs*, 64 F.R.D. 729, 730 (E.D. Wis. 1974) (finding government had no right to appeal a magistrate's removal order);

---

[5] Nor is Defendant's argument helped much by *United States v. Antoine*, 796 F. Supp. 2d 417 (E.D.N.Y. 2011), in which the district court reviewed (and affirmed) a magistrate judge's order of removal, when the issue of the appealability of such decision was apparently not raised, as Defendant acknowledges. Dkt. 8 at 4–5.

*United States v. Richardson*, 57 F.R.D. 196, 197 (E.D.N.Y. 1972) (reasoning that the purposes of the Magistrates Act and the "policy in favor of finality of removal orders" supported denial of a motion to review magistrate judge's warrant removing defendant to the Virgin Islands). Moreover, "preventing delay is important in criminal cases," and permitting an appeal in the transferor court from a magistrate judge's Rule 5 or 32.1 transfer order only "exacerbates delay and frustrates the Congressional interest in speedy prosecution" in the district with original jurisdiction over the case. *See Saldana-Beltran*, 37 F. Supp. 3d at 1185.

Lacking any basis in statutory authority or the Federal Rules of Criminal Procedure, and finding the weight of precedent overwhelming on the issue, this Court concludes that it "cannot review an order of removal by a magistrate judge," Wright & Miller, 3A Fed. Prac. & Proc. § 654, and therefore lacks jurisdiction to hear the disputes raised by the Notice of Appeal.

Even if this Court did retain discretionary authority under 28 U.S.C. § 636(b) to review the Magistrate Judge's transfer order and identity finding, *Saldana-Beltran*, 37 F. Supp. 3d at 1185, this Court declines to exercise any such authority here.[6] Determinations of this nature are of a type expressly reserved for magistrate judges under the Federal Rules of Criminal Procedure, and the expeditious resolution of identity and transfer orders would be undermined if appeals were afforded from those non-final determinations within the transferor district, leading to further delay proceedings in the court with jurisdiction to hear the underlying offense.

That does not mean that Defendant will lose the opportunity to be heard on his underlying challenges. "The full panoply of defenses is, of course, available to the arrestee in the transferee

---

[6] While the Court need not decide the issue in this case, the Court doubts that Article III concerns "associated with designating judicial decision-making to magistrate judges," *Saldana-Beltran*, 37 F. Supp. 3d at 1185, requires *this Court* rather than the transferee district court to review the identity and transfer orders of the Magistrate Judge.

9

court." *United States v. Green*, 499 F.2d 538, 541 (D.C. Cir. 1974); *Saldana-Beltran*, 37 F. Supp. 3d at 1185 n.6; *Richardson*, 57 F.R.D. at 198. The Government has conceded that point as well, as it has acknowledged that Defendant "can raise all the matters he has addressed in the Western District of Virginia" in the district court in Texas. Dkt. 4 at 8 n.5.

Given that this Court cannot and will not accept review of the Magistrate Judge's identity determination and transfer order, this Court, in an accompanying Order, grants the Government's Motion to Dismiss. Dkt. 4. Moreover, because this Court has concluded that it lacks jurisdiction over Defendant's appeal in this case, this ruling also precludes the relief which Defendant had requested in his emergency motion to stay the transfer order (Dkt. 2), and emergency motion to order U.S. Marshals to retain him in the Western District of Virginia (Dkt. 7), which will both be denied in the accompanying Order.[7]

ENTERED this 8th day of November, 2019.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] Given the Court's resolution of this appeal on the basis that the Court lacks jurisdiction to hear an appeal from the Magistrate Judge's identity determination and transfer order, the Court need not address the United States' alternative argument that jurisdiction was divested at the point at which the transfer was ordered and accepted by the transferee court. Dkt. 4 at 4–5. Nor need the Court resolve Defendant's counter-argument, that the transfer itself was not dispositive of the issue of which court had jurisdiction, but rather that jurisdiction transferred "when a defendant actually appears in the other district." Dkt. 8 at 4.